UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY BROSCH, #599194,

        Plaintiff,

                                       CASE NO. 2:15-CV-11683
v.                                  HONORABLE GEORGE CARAM STEEH

STEVEN N. ANDREWS, et al.,

        Defendants.
        _____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Tracey Brosch ("plaintiff") challenges her state criminal proceedings.[1] The plaintiff names Oakland County Circuit Court Judge Steven N. Andrews, Pre-Sentence Investigator Fabian W. LaVigne, and Oakland County as the defendants in this action. She sues Judge Andrews in his official and individual capacities and sues Investigator LaVigne and Oakland County in their official capacities. She seeks injunctive relief and monetary damages. The Court has granted the plaintiff leave to proceed without prepayment of the filing fee for this action. See 28 U.S.C. § 1915(a)(1).

**II. LEGAL STANDARDS**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it

---

[1] The plaintiff was convicted of first-degree child abuse following a jury trial in the Oakland County Circuit Court and was sentenced to 8 to 15 years imprisonment in 2006. See Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=599194.

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  Twombly, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

### III.  DISCUSSION

#### A.  Criminal Proceedings Claims

The plaintiff's claims in this case concern her state criminal proceedings and are subject to summary dismissal because she fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would

necessarily demonstrate the invalidity of confinement or its duration." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in <u>Heck</u> is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." <u>Heck</u>, 512 U.S. at 486.

The plaintiff's claims concern the validity of her state criminal proceedings. If she were to prevail on those claims, her state criminal conviction and continued confinement would be called into question. Consequently, the plaintiff's civil rights claims against all of the defendants are barred by <u>Heck</u> and her civil rights complaint must be dismissed.[2]

### B. Claims against Oakland County

The plaintiff's claims against Oakland County are further subject to dismissal because she fails to state a claim upon which relief may be granted as to that entity. Municipalities and local governments may be subject to suit under 42 U.S.C. § 1983. <u>See generally</u> <u>Monell v. Department of Social Svs.</u>, 436 U.S. 658 (1978). However, a local government may only be sued under § 1983 when the execution of a government policy or custom, for which the government as an entity is responsible, inflicts the injury. <u>Id</u>. at 692. In other words, for a government entity to be held liable under § 1983, "the entity's policy or custom must be the moving force behind the constitutional deprivation." <u>S.H.A.R.K. v. Metro Parks</u>, 499 F.3d 553, 563 (6th Cir. 2007). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." <u>Monell</u>, 436 U.S. at 691.

In her complaint, the plaintiff does not allege any facts which indicate that the county

---

[2]The plaintiff currently has a petition for a writ of habeas corpus pending in federal court. <u>Brosch v. Warren</u>, No. 2:14-CV-13391 (E.D. Mich.).

operates unconstitutionally, maintains an unconstitutional policy or custom, or that any of its policies or customs accounted for any alleged improper conduct by the other defendants which caused her injury.  As discussed infra, the state courts, such as the Oakland County Circuit Court, are arms of the State of Michigan, not entities operated by the counties. Judge Andrew's and Pre-Trial Investigator LaVigne's action occurred in their service as agents of the State not Oakland Count such that Oakland County is not liable for their actions.  See Cady v. Arenac Co., 574 F.3d 334, 345 (6th Cir. 2009).  The plaintiff thus fails to state a claim against Oakland County for this additional reason.

### C. Absolute Immunity for State Court Judge

The plaintiff names Oakland County Circuit Court Judge Steven N. Andrews as a defendant in this action and sues him in his individual capacity.  The plaintiff's claims against Judge Andrews are also subject to dismissal based upon absolute judicial immunity.  Judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983.  See Mireles v Waco, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994).  Moreover, the 1996 amendments to 42 U.S.C. § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief.  See 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); see also Kipen v. Lawson, 57 F. App'x 691 (6th Cir. 2003) (federal judges' immunity); Kircher v. City of Ypsilanti, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).  The plaintiff's claims against

Judge Andrews concern the performance of his judicial duties. Judge Andrews is entitled to absolute judicial immunity for his actions. The plaintiff's claims against him in his individual capacity must therefore be dismissed.

### D. Eleventh Amendment Immunity

The plaintiff also sues Judge Andrews in his official capacity and sues Pre-Sentence Investigator Fabian W. LaVigne in his official capacity. Those defendants are entitled to sovereign immunity on claims against them in their official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are thus entitled to the same sovereign immunity as the State of Michigan. Pucci v. Nineteenth Dist. Ct., 628 F.3d 752, 762-64 (6th Cir. 2010); Chambers v. Michigan, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); Young v. District & Supreme Cts. of Mich., No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); Brown v. Michigan Dep't of Corr., et al., No. 2:10-CV-12649, 2010 WL 5056195, *2 (E.D. Mich. Dec. 6, 2010). Eleventh Amendment immunity applies to state employees, such as judges and probation officers, who are sued in their official capacities. See Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady, 574 F.3d at 344); Moore v. Michigan, No. 13-11789, 2014 WL 1260702, *2-3 (E.D. Mich. March 27, 2014). Judge Andrews and Pre-

Sentence Investigator LaVigne, as state employees, are entitled to Eleventh Amendment immunity. The claims against them in their official capacities must be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted as to her criminal proceedings, that the plaintiff fails to state a claim against Oakland County, that Judge Andrews is entitled to absolute judicial immunity, and that Judge Andrews and Pre-Sentence Investigator LaVigne are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[3] Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: May 26, 2015

                         s/George Caram Steeh
                         GEORGE CARAM STEEH
                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 26, 2015, by electronic and/or ordinary mail and also on Tracey Brosch #599194, Women's Huron Valley Correctional Facility, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk

---

[3]The Court notes that the plaintiff previously filed a civil rights complaint against different defendants regarding her state criminal proceedings which was summarily dismissed pursuant to Heck. See Brosch v. Pope-Starnes, et al., No. 2:15-CV-11319 (E.D. Mich. April 16, 2015). She also has another civil rights complaint against other defendants regarding her state criminal proceedings which is pending. See Brosch v. Neph, et al., No. 2:15-CV-10664 (E.D. Mich).